United States District Court
Southern District of Ohio
Eastern Division

**Anthony L. French**

       **Plaintiff,**                                        Case No. C2-03-1226
                                                            Judge Smith
      **v.**                                                           Magistrate Judge Abel

**John E. Potter, Postmaster General,**
**United States Postal Service,**

       **Defendant.**

## OPINION AND ORDER

Plaintiff, Anthony L. French, brings this action against his employer, John E. Potter, Postmaster General, United States Postal Service (Postal Service). Plaintiff alleges discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), *et seq*. ("Title VII"), as well as various other claims. Defendant moves for Judgment on the Pleadings. For the reasons that follow, the Court GRANTS defendant's motion for Judgment on the Pleadings.

### I. BACKGROUND

Plaintiff is employed by the United States Postal Service at the Taylor Road Annex, Columbus Processing and Distribution Center, located in Columbus Ohio.

As a result of a workplace altercation occurring on November 20, 1997, plaintiff was charged with conduct unbecoming a postal employee, suspended for three days without pay, and demoted from his previous position as Supervisor of Distribution Operations to his present

position as a Part-time Flexible Distribution Clerk.

On January 12, 1998, plaintiff appealed his reduction in grade to the Merit Systems Protection Board (MSPB). On February 11, 1998, plaintiff filed an Equal Employment Opportunity Complaint against the Postal Service. No. 1C-431-0019-98. On June 5, 1998 plaintiff filed a civil action in Federal Court. On July 15, 1999 the court dismissed the case without prejudice due to plaintiff's failure to make proper service. French v. Runyon, Case no. C2-98-593 (S.D. Ohio July 15, 1999). This decision was upheld on appeal. French v. Runyon, 238 F.3d 420 (6th Cir. 2000).[1]

On December 22, 2003, plaintiff filed the present action in this Court. Plaintiff's pleadings are replete with legal theories, yet factually bereft. Construed liberally, plaintiff's complaint and amended complaint, taken together, appear to make the following allegations:

1. Plaintiff alleges that defendant Postal Services unlawfully discriminates on the basis of race and sex in its promotion and discipline practices (Pl.'s Am. Compl. ¶ 5, 21)

2. Plaintiff alleges that defendant Postal Service unlawfully discriminates on the basis of race and Vietnam Veteran status in its training and promotion practices (Id. ¶ 6, 22).

3. Plaintiff alleges that as a result of a "whistle blowing letter," he was subjected to unlawful retaliation by defendant Postal Service (Id. ¶ 7).

---

[1] In September of 1998, plaintiff filed a similar claim, in which he alleged that his suspension and demotion were racially motivated. On September 29, 1998, this Court dismissed French's demotion claim for failure to exhaust administrative remedies. The Court also granted summary judgment in favor of the Postal Service with respect to French's suspension claim, finding that plaintiff had failed to present evidence sufficient to support a prima facie case of race discrimination. This decision was subsequently upheld on appeal. French v. Henderson, 4 Fed Appx. 257 (6th Cir. 2001).

4. Plaintiff alleges defendant Postal Service fails to enforce sexual harassment policies (Id. ¶ 16).

5. Plaintiff alleges that defendant Postal Service practices nepotism in its hiring practices (Id. ¶ 17).

6. Plaintiff alleges defendant Postal Service and The American Postal Workers Union (APWU) conspired to discriminate against him (Id. ¶ 20).

7. Plaintiff alleges defendant Postal Service failed to reasonably accommodate his disabilities (Id. ¶ 23).

8. Plaintiff alleges defendant Postal Service engaged in unlawful age discrimination practices (Id. ¶ 12).

## II. STANDARD OF REVIEW

"After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). In deciding a Rule 12(c) motion based on all pleadings, a Court must apply the same standard used for a Rule 12(b)(6) motion based solely on the complaint. Grindstaff v. Green, 133 F.3d 416, 421 (6th Cir. 1998).

A 12(b)(6) motion to dismiss for failure to state a claim "should not be granted unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). All well-pleaded allegations must be taken as true and be construed most favorably toward the non-movant. Schuer v. Rhodes, 416 U.S. 232, 236 (1974).

3

A 12(b)(6) motion to dismiss is directed solely to the complaint and any exhibits attached to it. Roth Steel Products v. Sharon Steel Corp., 705 F.2d 134, 155 (6th Cir. 1983). The merits of the claims set forth in the complaint are not at issue on a motion to dismiss for failure to state a claim. Consequently, a complaint will be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) only if there is no law to support the claims made, if the facts alleged are insufficient to state a claim, or if on the face of the complaint there is an insurmountable bar to relief. Rauch v. Day & Night Mfg. Corp., 576 F.2d 857, 858 (6th Cir. 1976). Rule 12 (b)(6) must be read in conjunction with Fed. R. Civ. P. 8(a) which provides that a pleading for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." 5A Wright & Miller, Federal Practice and Procedure § 1356 (1990). The moving party is entitled to relief only when the complaint fails to meet this liberal standard. Id.

### III. ANALYSIS

**1. Discrimination on the Basis of Race and Sex in Promotion and Discipline Practices**

Plaintiff alleges defendant Postal Service "violates federal employment discrimination laws by favoring white applicants, male/female, black females/other's (sic) over initial level black applicants/[s]upervisors for selection to positions … in the Columbus Ohio District" (Pl.'s Am. Compl. ¶ 5). Plaintiff also alleges that "white employees of the defendant were not subjected to the same standards of treatment and discipline, (sic) promotion as black males" (Id. ¶ 21).

Plaintiff does not allege *facts* to support this claim. To establish a prima facie case under Title VII, a plaintiff must demonstrate the following: (1) he is a member of a protected class; (2)

4

he was subject to an adverse employment action; (3) he was qualified for the position; and (4) he was treated differently than similarly situated employees outside the plaintiff's protected class. Smith v. City of Salem, 378 F.3d 566, 570 (6th Cir. 2004). Even construed liberally, plaintiff's complaint fails to state a claim for discrimination under Title VII.  Plaintiff does not allege any specific instance of discrimination, nor does he identify the position for which he applied and the circumstances under which he was treated differently than others outside of his class. Plaintiff's allegations of unequal treatment and discipline are also unsubstantiated by any specific factual support.

      Also significant is plaintiff's failure to state the dates on which the alleged violations occurred. As such, the Court is unable to determine whether plaintiff has complied with the statutory prerequisites to bringing suit under Title VII.

      The United States Supreme Court has held that Title VII requires that a party alleging discrimination must follow mandatory administrative procedures before filing a complaint in federal court. Brown v. Gen. Services Admin. 425 U.S. 820, 823-833 (1976). Before filing a civil action, an aggrieved federal employee must contact the Equal Employment Opportunity Commission (EEOC) within 45 days of the alleged discriminatory event. 29 C.F.R. § 1614.105(a)(1). Counseling with an EEOC counselor must be completed within 30 days of this precomplaint. If the matter is not resolved through counseling, the EEOC counselor must notify the aggrieved employee in writing of his right to file a formal complaint with the agency. An employee has 15 days from receipt of this "Notice of Final Interview" to file his formal complaint. 29 C.F.R. § 1614.105(d). The EEOC then issues a final decision, which can be appealed within 30 days. 29 C.F.R. § 1614.401(a).

Only after a final decision is issued may an aggrieved employee file a civil action. Filing a timely EEOC complaint is a statutory requirement for filing a Title VII claim in federal court. Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982); McDonnell Douglas Corp. v. Green, 411 U.S. 792, 798 (1973). A plaintiff must be in receipt of a statutory notice of the right to sue from the Commission. Alexander v. Gardner-Denver, Co., 415 U.S. 36, 47 (1974). The civil suit must be limited to the "scope of the EEOC investigation reasonably expected to grow out of the charge of discrimination." EEOC v. Bailey Co, Inc., 563 F.2d 439, 446 (6th Cir. 1977) (citing Tipler v. E.I. duPont deNemours & Co., 443 F.2d 125, 131 (6th Cir. 1971)). Claims not first brought before the EEOC cannot be brought before federal courts. Ang v. Procter & Gamble Co., 932 F.2d 540, 545 (6th Cir. 1991) (citing Love v. Pullman, 404 U.S. 522 (1972)).

If a plaintiff's civil claim is filed within the 90 day limit, but then dismissed, his suit will be treated as never having been filed and it cannot later be refiled after the 90 day period has elapsed. Wilson v. Grumman Ohio Corp., 815 F.2d 26, 27 (6th Cir. 1987). In Wilson, a Title VII plaintiff filed a timely civil suit, which was later dismissed for failure to perfect service. Plaintiff then attempted to refile 85 days after the dismissal, and over 15 months after the EEOC's final decision. The district court dismissed the suit, and the Sixth Circuit affirmed, holding that the filing of a compliant which is later dismissed without prejudice does not toll the statutory filing period of Title VII. Id.

Plaintiff's 1998 EEOC complaint alleges unlawful discrimination on the basis of race, color, sex, age, and disability. Because plaintiff's current suit fails to allege facts in support of his claim, the Court is unable to determine whether plaintiff's present suit is based on events already raised in plaintiff's EEOC complaint or more recent events. If the present complaint is

6

based on allegations made in plaintiff's 1998 complaint and subsequent federal suit, then the present suit is untimely under Wilson. The EEOC issued its final decision on March 27, 1998, when it dismissed plaintiff's complaint. Plaintiff then filed his first civil action on June 5, 1998, within the 90 day filing period. That suit was dismissed without prejudice over a year later, and plaintiff now wishes to refile. Under Wilson, this is not permitted. Plaintiff's race and sex discrimination claims, to the extent they are based on allegations addressed by his 1998 EEOC complaint, are dismissed as untimely. To the extent plaintiff's race and sex discrimination claims are based on allegations not raised in plaintiff's EEOC complaint, then the present suit must be dismissed for failure to exhaust administrative remedies. In either event, plaintiff has failed to allege sufficient in support of his claim.

### 2. Discrimination on the Basis of Race and Vietnam Veteran Status

Plaintiff appears to bring a claim under portions of the Vietnam Era Veterans' Readjustment Assistance Act (VEVRA). 38 U.S.C. § 2011 *et seq.* He alleges: "The issue of training and details were denied to Black male, (sic) Viet Nam veterans, with more seniority, and college degree applicants." (Pl.'s Am. Compl. ¶ 6). He also alleges: "Under the EEOC Management Directive 715, Viet Nam veterans Act of 1974, for Rehabilitation for disabilities, for promotion and accommodation." (Id. ¶ 19). Lastly, he states: "Why hasn't the agency submitted (DVAAP plans in compliance with 38 U.C.S (sic) 4212 to report agency efforts to promote the maximum employment and job advancement opportunities for disabled veterans of the Viet Nam era[?]" (Id. ¶ 22).

Plaintiff fails to allege the factual basis for these claims or any injury he has suffered from the aforementioned acts. As with plaintiff's race discrimination claims, this claim must

also be dismissed for failure to allege sufficient facts to support a claim.

With respect to plaintiff's veteran status discrimination claim, private actions are not authorized under VEVRA. Harris v. Adams, 873 F.2d 929, 932 (6th Cir 1989). Accordingly, plaintiff's claims of discrimination on the basis of his status as a Vietnam Veteran must also be dismissed.

### 3. Retaliation

Plaintiff appears to allege unlawful retaliation under Title VII: "Headquarters and Area office are involved because of the whistle blowing letter dated, September 11, 1989, describing discrimination practices and the retaliation action by Kate Wiley, for doing it." (Pl.'s Am. Compl. ¶ 7).

To establish a prima facie case of retaliation under Title VII, a plaintiff must show that: (1) he was engaged in protected Title VII activity; (2) he was subjected to an adverse employment action; and (3) there is a causal link between the protected activity and the adverse employment action. Canita v. Yellow Freight Sys., Inc., 903 F.2d 1064, 1066 (6th Cir. 1990). Plaintiff fails to allege any facts to establish these prima facie requirements. (Pl.'s Am. Compl. ¶ 7). Accordingly, the Court dismisses the retaliation claim.[2]

### 4. Failure to Enforce Sexual Harassment Policies

Plaintiff's claim appears to bring a sexual harassment claim: "Enforcement of policies – Sexual Harassment involvement (sic) employees only get moved around, without losing job or grade." (Pl.'s Am. Compl. ¶ 16).

For a federal court to have jurisdiction, a plaintiff must allege a personal stake in the

---

[2] Additionally, the Court notes that plaintiff's right to file suit on a claim from 1989, over 15 years ago, has long since expired.

outcome of the litigation. Baker v. Carr, 369 U.S. 186, 204 (1962). Although in some circumstances a plaintiff may introduce evidence of discrimination against others in support of a pattern and practice claim of discrimination, such evidence, by itself, does not establish a prima facie case of discrimination. See, e.g., Celestine v. Petroleos De Venezuella SA, 266 F.3d 343, 355-56 (5th Cir. 2001); Lowery v. Circuit City Stores Inc., 158 F.3d 742, 759-61 (4th Cir. 1998), vacated on other grounds, 527 U.S. 1031 (1999); Babrocky v. Jewel Food Co., 773 F.2d 857, 866-67 (7th Cir. 1985); Diaz v. Ashcroft, 301 F Supp. 112, 116 (D.P.R. 2004).

Plaintiff's complaint fails to allege facts sufficient to support his claim. Therefore, to the extent plaintiff's sexual harassment claim seeks to assert a claim on his own behalf, the claim is dismissed for failure to allege facts sufficient to support a prima facie case. To the extent plaintiff's sexual harassment claim seeks to assert the rights of others, the claim is dismissed for lack of standing.

### 5. Nepotism in Hiring Practices

Plaintiff accuses defendant Postal Service of nepotism in its hiring practices. He states: "Nepotism – Kermit Stiltner's son Brian illegally hired. As Labor Relations Representative let son never get disciplined (sic); plus wives, friends, girl friends hired off the street." (Pl.'s Am. Compl. ¶ 17).

The Sixth Circuit has stated: "[A] court's jurisdiction may be invoked only where the complaint alleges that the plaintiff himself has suffered some threatened or actual injury[.]" Senter v. General Motors Corp., 532 F.2d 511, 516 (6th Cir. 1976) (citing Linda R.S. v. Richard D., 410 U.S. 614 (1973)). Once again, plaintiff fails to offer sufficient facts to support this claim. To the extent plaintiff was injured by the alleged activity, his claim is dismissed for

failure to allege sufficient facts in support of his claim.

### 6. Conspiracy to Discriminate by the Postal Service and the APWU

Plaintiff appears to allege a conspiracy between the Postal Service and the APWU to discriminate against him: "APWU for intentional misrepresentation and abandonment of Plaintiff's grievance process, creating a hostile environment, civil and veteran's rights as a disabled veteran during the Viet Nam era." (Pl.'s Am. Compl. ¶ 15). His claim also alleges: "Unfair Labor Practices … by labor organizations. APWU and USPS jointly conspired to discriminate against me." (Id. ¶ 20).

The court will liberally construe plaintiff's complaint so as to include the APWU as a named party in this suit. However, since defendant APWU has not been properly served within the 120 day requirement, the Court dismisses plaintiff's claims against the APWU without prejudice pursuant to Fed R. Civ. P. 4(m). To the extent plaintiff's conspiracy claim involves the USPS, his claim is dismissed for failure to allege sufficient facts in support of his claim.

### 7. Failure to reasonably accommodate disabilities

Lastly, plaintiff alleges failure to accommodate his disabilities, presumably under the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* Plaintiff's complaint states: "Why was reasonable accommodation not provided for the plaintiff when the agency knew his permanent condition existed from January 1, 1992 to present" (Pl.'s Am. Compl. ¶ 23). The description of plaintiff's disability is limited to: "Mental/physical." (Id. ¶ 13).

Presuming plaintiff's alleged disabilities are protected under the ADA, plaintiff has failed to comply with statutory filing requirements. The procedures for actions under the ADA are borrowed from Title VII. See 42 U.S.C. § 12117. An aggrieved employee under the ADA must

exhaust his administrative avenues of relief with the EEOC prior to filing a civil action and must bring his claim within 90 days of a final decision by the EEOC.

As discussed *supra*, the statutory filing period for filing any claims based on plaintiff's EEOC complaint expired when his first lawsuit was dismissed. As with plaintiff's other claims, plaintiff has provided insufficient factual support for the Court to determine whether the ADA claim is new or arises from events already addressed in plaintiffs EEOC complaint.  If the present complaint is based on allegations made in plaintiff's 1998 complaint and subsequent federal suit, then the present suit is untimely under Wilson. Plaintiff's ADA claim, to the extent it is based on allegations addressed by his 1998 EEOC complaint, is dismissed as untimely. To the extent plaintiff's ADA claim is based on allegations not raised in plaintiff's EEOC complaint, then the present suit must be dismissed for failure to exhaust administrative remedies. In either event, plaintiff has failed to allege sufficient facts in support of his claim.

### 8.  Age Discrimination

Plaintiff alleges unlawful age discrimination, presumably in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq*. The ADEA does not require a plaintiff to exhaust or even pursue administrative avenues of relief with the EEOC prior to filing suit. See Langford v. U.S. Army Corp. of Engineers, 839 F.3d 1192 (6th Cir. 1988). If an ADEA plaintiff does choose to file with the EEOC, however, a civil suit must be filed within 90 days of receiving a final decision. 29 U.S.C. § 626.

Since plaintiff included a charge of age discrimination in his initial EEOC complaint (Def.'s Ex. A), the same 90 day requirement applies to his ADEA claim as his Title VII claim. Under Wilson, dismissal of plaintiff's original civil suit does not toll the statutory filing deadline

for refiling a second suit. 815 F.2d at 27. Plaintiff has provided insufficient factual support for the Court to determine whether these allegations are new or arise from events already addressed in plaintiffs EEOC complaint. To the extent plaintiff's ADEA claim is based on allegations made in plaintiff's 1998 EEOC complaint, the Court dismisses it as untimely. To the extent the claim is based on more recent events, the Court dismisses it for failure to allege sufficient supporting facts.

### 9.  Plaintiff's Motions

Plaintiff purports to include several pretrial motions in his amended complaint. (Pl.'s Am. Compl. ¶ 2-6). With the exception of plaintiff's demand for a jury trial, these motions appear to address matters irrelevant to the present case. Without any supporting memoranda, the court is unable to determine the relevance or legal basis for any of these motions. See S.D. Ohio Civ. R. 7.2(a)(1). To the extent that these motions are timely, they are denied.

It is also unclear to the Court whether plaintiff's response to defendant's Motion for Judgment on the Pleadings is intended to be a memorandum contra or a cross motion for summary judgment. Although the document was filed as a response, it is captioned "Summary Judgment by plaintiff." The Court will thus treat plaintiff's filing as both a response and a cross-motion for summary judgment. A second document filed by plaintiff, (Doc. 25), although captioned "Settlement Demand," is directed to the Court and will also be treated as a cross-motion for summary judgment.

Summary Judgment is appropriate when it appears to the court "that there is no issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Plaintiff argues that since defendant has failed to respond to plaintiff's discovery

requests, plaintiff's allegations should be accepted as true. On December 13, 2004, defendant was granted a protective order staying discovery (Doc. 20) pending a ruling on defendant's motion for a judgment on the pleadings. Defendant was therefore under no obligation to respond to plaintiff's discovery requests.  Since the court has determined that defendant is entitled to judgment on the pleadings, plaintiff's cross-motion for summery judgment is necessarily denied.

## IV. DISPOSITION

For all the foregoing reasons, the court **GRANTS** defendant's motion for judgment on the pleadings on all of plaintiff's claims. Plaintiff's claims against the Postal Service are dismissed with prejudice. Plaintiff's claim against the APWU is dismissed without prejudice.

The Clerk shall enter final judgment in favor of defendant, and against plaintiff, dismissing plaintiff's claims with prejudice.

The Clerk shall remove Doc. 18 from the Court's pending motions list.

The Clerk shall remove this case from the Court's pending cases list.

**IT IS SO ORDERED.**

**/s/ George C. Smith**
**GEORGE C. SMITH, JUDGE**
**United States District Court**